UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM T. RUTHERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-19 |
| | ) | (VARLAN/GUYTON) |
| FIRST TENNESSEE BANK NATIONAL | ) | |
| ASSOCIATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Defendant First Tennessee Bank National Association's ("Defendant First Tennessee") Motion to Dismiss. [Doc. 19.] Plaintiff William T. Rutherford ("Plaintiff") has responded in opposition to Defendant First Tennessee's motion [Doc. 21], and Defendant First Tennessee has filed a reply to Plaintiff's opposition brief. [Doc. 22.] The Court has carefully reviewed the pending motion, supporting memorandum, and underlying pleadings in light of the applicable law. [Docs. 10, 19, 20, 21, 22.] For the reasons set forth herein, Defendant First Tennessee's Motion to Dismiss [Doc. 19] will be granted in part and denied without prejudice in part.

**I.     Relevant Facts**

According to Plaintiff, he incurred a financial obligation with Defendant First Tennessee in July of 1989, which went into default in 1993 for late payment on a vehicle loan that Plaintiff co-signed for his son, Wesley Rutherford ("Wesley"). [Doc. 10 at 3.] The vehicle was subsequently repossessed by Defendant First Tennessee, and Defendant First

Tennessee received a judgment from the court in Blount County, Tennessee, in the amount of $9,354.01 on January 17, 1996, for the deficiency balance, accrued interests, court costs, and attorneys fees. [Doc. 10 at 4-5.]

In 1998, Plaintiff filed a bankruptcy case seeking protection as a debtor under Chapter 7 of the Bankruptcy Code. [Doc. 10 at 5.] On September 4, 1998, the Bankruptcy Court entered an order discharging all of Plaintiff's dischargeable debts, including the First Tennessee judgment debt, pursuant to 11 U.S.C. § 524. [Doc. 10 at 6.]

On July 9, 1999, a copy of the January 17, 1996, Blount County, Tennessee, judgment was recorded in the office of the Register of Deeds for Sevier County, Tennessee. [Doc. 10 at 6-7.] Around July of 2005, Plaintiff alleges that Defendant First Tennessee sold the judgment debt to Defendant First Investment Services, LLC ("First Investment"), who allegedly then transferred the debt to Defendant Credit Bureau of North America, LLC ("CBNA") for collection from Plaintiff. [Doc. 10 at 9.] In December of 2005, Plaintiff allegedly received a collection letter from Defendants CBNA and Terry Clark ("Clark") to collect on the debt. [Doc. 10 at 9-10.] Plaintiff alleges that Defendant CBNA then began to report the debt as an adverse or negative collection account to credit reporting agencies. [Doc. 10 at 11.] Due to Defendant CBNA's negative report to the credit reporting agencies, Plaintiff claims to have suffered economic damages, such as difficulties obtaining a mortgage. [Doc. 10 at 18-19.]

As a result, Plaintiff alleges that Defendant First Tennessee violated the Bankruptcy Court's Discharge Order entered in Plaintiff's bankruptcy case in accordance with 11 U.S.C.

§ 524 and the Tennessee Consumer Protection Act of 1977. [Doc. 10 at 30-32.] Plaintiff also makes a claim for invasion of privacy against Defendant First Tennessee. [*Id.* at 33.] Plaintiff makes similar claims, in addition to other alleged violations, against Defendants CBNA, First Investment, Clark, and Does 1-5 ("Does"). [Doc. 10 at 30-33.]

## II. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III. Analysis

#### A. Title 11 U.S.C. § 524

Under the Bankruptcy Code, a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). As his first cause of action, Plaintiff claims that Defendant First Tennessee, along with the other defendants, violated the discharge injunction, as set forth in 11 U.S.C. § 524, by seeking to collect on a debt after the entry of Plaintiff's discharge. As a result, Plaintiff seeks actual damages, punitive damages, and legal fees under 11 U.S.C. § 105 against Defendant First Tennessee and the other defendants. Title 11 U.S.C. § 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

In support of its motion to dismiss, Defendant First Tennessee argues that it did not violate the discharge injunction because 11 U.S.C. § 524's prohibition only applies to actions taken by the creditor to collect from the debtor, not selling the discharged debt to a third party. Defendant First Tennessee also contends that the injunction did not prevent it from selling the debt to Defendant First Investment because even though the debt was discharged as to Plaintiff, the debt remained valid against his son, Wesley. Finally, Defendant First Tennessee argues that its actions were not in willful violation of the discharge injunction because there is no allegation that Defendant First Tennessee took any action to contact, collect, pursue, or demand any personal liability against the Plaintiff or his estate.

4

Plaintiff responds that Defendant First Tennessee's motion to dismiss raises issues that cannot be resolved by a motion to dismiss. First, Plaintiff contends that the deficiency judgment entered in Sevier County, Tennessee, a year after the discharge order was entered violated the discharge injunction. Second, Plaintiff argues that selling the judgment to Defendant First Investment also violated the discharge order. Third, Plaintiff claims that Defendant First Tennessee failed to implement proper procedures by not informing Defendant First Investment that Plaintiff had been discharged from the debt due to the Chapter 7 bankruptcy proceedings. Plaintiff contends that discovery is necessary to support Defendant First Tennessee's contention that it was only interested in collecting against Wesley, the co-obligor, prior to selling the judgment to another entity for collection.

Before the Court can address the arguments raised by the parties in their briefs, there is a preliminary question of whether an alleged violation of 11 U.S.C. § 524 constitutes a valid cause of action. The Sixth Circuit has held that 11 U.S.C. § 524 does not impliedly create a private right of action. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000) ("Under the law as it now stands, . . . we have no hesitancy in joining those courts (a clear majority) that have held § 524 does not impliedly create a private right of action."). Though Plaintiff's amended complaint cites to 11 U.S.C. § 105 in support of his claim under 11 U.S.C. § 524, the Sixth Circuit has also held that 11 U.S.C. § 105 cannot be invoked to remedy breaches of 11 U.S.C. § 524. *Id.* at 423. In other words, the Sixth Circuit does "not read § 105 as conferring on courts such broad remedial powers." *Id.* (quoting *Kelvin v. Avon Printing Co., Inc.*, No. 94-1999, 1995 WL 734481, at *4 (6th Cir. Dec. 11, 1995)). Instead,

the Sixth Circuit has recognized that a contempt proceeding rather than a lawsuit is the proper remedy for a violation of an injunction based on 11 U.S.C. § 524. *Pertuso*, 233 F.3d at 421.

The Court notes that Plaintiff's amended complaint includes allegations that Defendant First Tennessee's actions "constitute contempt of bankruptcy court orders." [Doc. 10 at 24.] Nevertheless, this allegation does not alter the fact that Plaintiff has filed a cause of action based on 11 U.S.C. § 524, which the Sixth Circuit has expressly found does not provide for a private right of action. Thus, Plaintiff's 11 U.S.C. § 524 claim is not a claim upon which relief in the form of a private right of action can be granted. Fed. R. Civ. P. 12(b)(6). To the extent Plaintiff may have a viable contempt claim, the proper procedural avenue is one of contempt proceedings, not a cause of action in a lawsuit. *See* Fed. R. Bankr. P. 9014. Accordingly, though for different reasons than those raised by Defendant First Tennessee, the Court will grant Defendant First Tennessee's motion to dismiss as to the claim based on 11 U.S.C. § 524.

    B.    <u>Tennessee Consumer Protection Act</u>

Plaintiff claims that Defendant First Tennessee's "willful, knowing and/or negligent acts and omissions . . . constitute numerous and multiple violations of the Tennessee Consumer Protection Act" ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq.* [Doc. 10 at 27.] In support of its motion to dismiss, Defendant First Tennessee first contends that Plaintiff's TCPA claim is barred by the applicable one-year statute of limitations because Plaintiff knew no later than December of 2005 that the debt had been sold or transferred to another entity,

namely Defendant CBNA. Thus, the filing of the present lawsuit on January 23, 2008, was untimely. Second, Defendant First Tennessee contends that Plaintiff's TCPA claim must also fail on the merits. Defendant First Tennessee argues that it is not unlawful to record a debt or sell a debt on which a non-filing co-signer remains personally liable and that Defendant First Tennessee's alleged acts and omissions do not constitute "trade or commerce" for purposes of the TCPA.

Plaintiff responds that he did not realize that Defendants First Tennessee and First Investment were separate entities until November of 2007, so his claim should not be barred by the statute of limitations. As to Defendant First Tennessee's substantive arguments, Plaintiff contends that Defendant First Tennessee is liable for failing to remove his name from the judgment. He argues that dismissal of the TCPA claim is improper because discovery is needed.

The TCPA statute of limitations provides that individual or private actions "be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action . . . be brought more than five (5) years after the date of the consumer transactions giving rise to the claim for relief." Tenn. Code Ann. § 47-18-110. Similarly, Tennessee courts recognize that "the statute of limitations begins to run when the injury is discovered, or in the exercise of reasonable care and diligence, the injury should have been discovered," also known as the "discovery rule." *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994); *see also Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076, at *2 (Tenn. Ct. App. Feb. 13, 2008)

(discussing the applicability of the "discovery rule" to TCPA claims). Notably, the discovery rule does not permit a plaintiff to delay in filing suit until "all the injurious effects and consequences of the alleged wrong are actually known to the plaintiff." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). In other words, a plaintiff need not actually know the specific type of legal claim he or she has so long as the plaintiff is "aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Stanbury v. Barcardi*, 953 S.W.2d 671, 677 (Tenn. 1997) (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)).

Defendant First Tennessee's allegedly "unfair and deceptive violation" of the TCPA occurred on June 28, 2005, when it sold the discharged debt to and failed to inform Defendant First Investment that Plaintiff's personal liability had been removed by his Chapter 7 discharge. [Doc. 21 at 10.] Thus, the statute of limitations would expire one year after Plaintiff "discovered" this allegedly unlawful and deceptive practice. Though Plaintiff contends that he did not "discover" that Defendants First Tennessee and First Investment were not separate entities until November of 2007, the allegations in the amended complaint indicate that Plaintiff actually discovered or, at least, should have discovered his alleged injury in December of 2005.

According to the amended complaint, Plaintiff received a letter from Defendants CBNA and Clark in December of 2005 that stated:

(a) **THIS IS YOUR FINAL OPPORTUNITY** To [sic] make arrangements on this **Judgment Account**.

8

(b) Our office has a documented legal claim against you.

(c) Due to the fact that we have a Judgment against you, we have the right to:
- **Subpoena you into court**
- **Garnishment of your wages allowed by federal and state laws**
- **Attachment of liens placed on your personal or real properties**
- **Attachment of bank accounts**

(d) To avoid this action, you must contact this office within five (5) days from the date of this letter and make suitable repayment arrangements.

[Doc. 10 at 9] (alteration in original) (emphasis in original). Consistent with Plaintiff's position, this alleged letter did not indicate that Defendants First Tennessee and First Investment were separate entities. Nevertheless, the letter gave Plaintiff notice that some entity was seeking collection of the previously discharged judgment debt, regardless of Plaintiff's awareness that Defendants First Tennessee and First Investment were separate entities. In other words, Plaintiff discovered his alleged injury in December of 2005 based on the contents of the collection letter since Defendant CBNA, a previously uninvolved party, was now attempting to collect a discharged debt previously possessed by Defendant First Tennessee. At a minimum, the language of this letter would have led a reasonable and diligent plaintiff to inquire further and discover the alleged injury since Plaintiff was aware of the judgment debt to Defendant First Tennessee being discharged as a result of the Chapter 7 bankruptcy proceedings in 1998. Because the present suit was filed more than one year from Plaintiff's receipt of this alleged letter, the TCPA claim against Defendant First

9

Tennessee will be dismissed as being barred by the one-year statute of limitations, and it is unnecessary for the Court to address the substantive arguments regarding this claim.

C. <u>Invasion of Privacy</u>

In his amended complaint, Plaintiff alleges that the acts and/or omissions of Defendant First Tennessee constitute intentional and/or negligent invasions of privacy by revelation of private financial data to third parties. In support of the motion to dismiss, Defendant First Tennessee contends that the amended complaint's allegations do not constitute an invasion of privacy. Additionally, Defendant First Tennessee contends that the claim is barred by the one-year statute of limitations because Plaintiff was aware of the transfer of the joint account by at least December of 2005 yet did not bring suit until January of 2008. Plaintiff responds that wrongful collection actions can constitute an invasion of privacy, including the filing of the judgment lien in Sevier County, Tennessee, a year after the discharge of the debt in Plaintiff's Chapter 7 bankruptcy case.

According to Plaintiff, his invasion of privacy claim against Defendant First Tennessee is based on the following: (1) wrongful collection actions; (2) failing to protect the security and confidentiality of consumer's nonpublic personal information; (3) repeated collection attempts to collect a discharged debt; and (4) filing of the judgment lien in Sevier County, Tennessee, on July 9, 1999. [Doc. 21 at 13-14.] Based on these alleged acts, Plaintiff makes a claim for "invasion of privacy by revelation of private financial data to third parties." [Doc. 10 at 33.] Thus, Plaintiff's invasion of privacy claim arguably is of the kind involving public disclosure of private facts about a plaintiff. *See West v. Media Gen.*

*Convergence, Inc.*, 53 S.W.3d 640, 643 (Tenn. 2001). In his responsive brief, Plaintiff also contends that Defendant First Tennessee is liable for another form of invasion of privacy, namely the "intentional interference with the plaintiff's solitude or seclusion either as to his person or as to his private affairs or concerns." [Doc. 21 at 13.]

The Restatement (Second) of Torts lists four forms of invasion of privacy: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that unreasonably places the other in a false light before the public. *West*, 53 S.W.3d at 643 (citing Restatement (Second) of Torts § 652A (1977)). The Tennessee Supreme Court has not expressly recognized the public disclosure of private facts form of invasion of privacy. *See Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 411 (Tenn. 2002) (stating that the Tennessee Supreme Court has recognized false light and unreasonable intrusion into private affairs forms of invasion of privacy but has reached "no decision as to whether the other forms of invasion of privacy listed in the Restatement (Second) of Torts are actionable"). However, the Tennessee Court of Appeals has held that "Tennessee has adopted the common law tort of invasion of privacy." *Roberts v. Essex Microtel Assocs., II, L.P.*, 46 S.W.3d 205, 210-11 (Tenn. Ct. App. 2000); *see also Parr v. Middle Tennessee State Univ.*, No. M1999-01442-COA-R3-CV, 1999 WL 1086451, *2-3 (Tenn. Ct. App. Dec. 3, 1999) (recognizing a claim for invasion of privacy for public disclosure of private facts). Given the recognition by Tennessee courts, though in varying degrees, of a claim for invasion of privacy, the Court will proceed to determine whether the invasion of privacy

claim against Defendant First Tennessee should be dismissed due to the statute of limitations or, if necessary, on the merits.

The applicable statute of limitations for an invasion of privacy claim is "within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a). As previously discussed, the "statute of limitations begins to run when the injury is discovered, or in the exercise of reasonable care and diligence, the injury should have been discovered." *Quality Auto Parts Co., Inc.*, 876 S.W.2d at 820. Taking all well-pleaded allegations as true and construing them most favorably toward the Plaintiff, the Court finds that Defendant First Tennessee's allegedly wrongful collection actions, failure to protect the security and confidentiality of consumer's nonpublic personal information, repeated collection attempts to collect a discharged debt, and recording the judgment lien in Sevier County, Tennessee, are barred by the one-year statute of limitations. In the amended complaint, the most recent involvement by Defendant First Tennessee in this case occurred in July of 2005 when the judgment lien debt was sold to Defendant First Investment. [*See* Doc. 10 at 8.] Furthermore, as discussed above, Plaintiff discovered or should have discovered the alleged wrongful inclusion of Plaintiff as a debtor when he received the collection letter from Defendant CBNA in December of 2005. Plaintiff's invasion of privacy claim, to the extent based on Defendant First Tennessee's alleged wrongful collection actions, failure to protect the security and confidentiality of consumer's nonpublic personal information, and repeated collection attempts to collect a discharged debt, is barred by the one-year statute of limitations. Accordingly, the Court need not address Defendant First Tennessee's

substantive arguments as to those allegations. In light of additional argument made in Plaintiff's responsive brief, the Court will further address the invasion of privacy claim to the extent it is based on the recording of the judgment lien in Sevier County, Tennessee.

In his response brief, Plaintiff argues that Defendant First Tennessee recording a judgment lien in Sevier County, Tennessee, on July 9, 1999, constituted a "continuing and ongoing act" that is not barred by the one-year statute of limitations. [Doc. 21 at 13.] Thus, Plaintiff contends that the continuing violation doctrine should apply in this case. As an initial matter, the Court questions the applicability of the continuing violation doctrine to the present case. Tennessee courts have emphasized the narrow application of the continuing violation doctrine, primarily to employment discrimination cases, *see Smith v. EZ Pawn Co.*, No. E2000-02741-COA-R3-CV, 2001 WL 984920, at *2 (Tenn. Ct. App. Aug. 28, 2001), and the Plaintiff has not cited to authority applying the continuing violation doctrine to invasion of privacy claims in Tennessee. Additionally, the applicability of the continuing violation doctrine to recording of the judgment lien in Sevier County, Tennessee, is problematic because it involves a discrete act that occurred on July 9, 1999. The Tennessee Supreme Court has stated that "the continuing violation doctrine does not apply to discrete acts," and a discrete act "'ceases' as of the time it occurs, not as of the time the consequences of the act cease." *Booker v. Boeing Co.*, 188 S.W.3d 639, 645 (Tenn. 2006). Thus, the Court is unpersuaded that the continuing violation doctrine is applicable to Plaintiff's invasion of privacy claim.

Even if a claim based on Defendant First Tennessee's recording of the judgment lien in Sevier County, Tennessee, was not barred by the statute of limitations, Plaintiff could not prevail on such a claim. In *Martin v. Senators, Inc.*, the Tennessee Supreme Court recognized that a "previous publication of the matters in question by the individual himself would seem to preclude him from asserting any right of privacy with respect thereto." 418 S.W.2d 660, 663 (Tenn. 1967) (citation omitted). In the present case, Plaintiff is accordingly precluded from asserting an invasion of privacy claim when the matters involved were already of public record as a result of the bankruptcy proceedings in 1998. 11 U.S.C. § 107(a) (providing "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge"). In light of the above, the Court will grant Defendant First Tennessee's motion to dismiss as to the invasion of privacy claim.

### III. Further Relief Sought by Defendant First Tennessee

In addition to requesting dismissal of the amended complaint for failure to state a claim upon which relief can be granted, Defendant First Tennessee has requested "further relief as to which First Tennessee may be entitled, including the taxation of all costs and reasonable attorneys fees to which First Tennessee may be entitled." [Doc. 19 at 1.] Notably, Defendant First Tennessee does not indicate on what basis it seeks such relief. To the extent Defendant First Tennessee may seek to rely on Fed. R. Civ. P. 54(d) or Local Rule 54.2, the Court notes that "a motion for costs under Federal Rule of Civil Procedure 54(d)(1) is a post-judgment motion not appropriate until after judgment." *Hadix v. Johnson*, 322 F.3d 895, 896

(6th Cir. 2003) (citing *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988)); *see also* Fed. R. Civ. P. 54(d); L.R. 54.2.  In the present case, final judgment has not been entered in this case because other claims and parties have not been dismissed in this action.  *See* Fed. R. Civ. P. 54(b).  Because the Court finds that Defendant First Tennessee's request for "further relief" premature at this time, the Court will deny without prejudice to refiling Defendant First Tennessee's motion [Doc. 19] to the extent it requests "further relief, including the taxation of all costs and reasonable attorneys fees to which First Tennessee may be entitled."

**IV.    Conclusion**

For the reasons set forth herein, Defendant First Tennessee Bank National Association's Motion to Dismiss [Doc. 19] is hereby **GRANTED in part** and **DENIED in part**.  The Motion to Dismiss is hereby **GRANTED** to the extent Defendant First Tennessee Bank National Association seeks dismissal of all the claims against it.  Accordingly, the amended complaint, to the extent it applies to Defendant First Tennessee Bank National Association, is hereby **DISMISSED**.  The Motion to Dismiss is hereby **DENIED without prejudice to refiling** as to Defendant First Tennessee Bank National Association's request for further relief, including the taxation of all costs and attorneys fees to which it may be entitled.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE