UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM T. RUTHERFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:08-CV-19 |
| | ) (VARLAN/GUYTON) |
| CREDIT BUREAU OF NORTH AMERICA, LLC, | ) |
| FIRST INVESTMENT SERVICES, LLC, and | ) |
| TERRY CLARK, | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Plaintiff's Motion for Partial Summary Judgment Against Defendants [Doc. 30]. In the motion, plaintiff requests that the Court issue partial summary judgment on the issue of liability under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA"). Defendants have not filed a response or otherwise opposed the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1.(a), 7.2.

The Court has carefully considered the pending motion and supporting memorandum [Docs. 30, 31, 31-1]. For the reasons set forth herein, the Court will deny plaintiff's partial motion for summary judgment.

**I.    Background**

   **A.    Factual Background**

This action arises out of a debt incurred by plaintiff when he went into default on a personal loan in 1993 with First Tennessee Bank National Association ("First Tennessee") [Doc. 31-1, ¶ 5]. The vehicle securing the loan was repossessed and sold by First Tennessee [*Id.*, ¶ 6]. After the vehicle was repossessed and sold, First Tennessee filed a civil warrant in state court against plaintiff (and plaintiff's son) to collect a deficiency balance plus interest, court costs, attorneys fees, and interest, and judgment was entered against plaintiff in the amount of $9,354.01 on January 17, 1996 [*Id.*, ¶ 7].

On May 26, 1998, plaintiff filed for bankruptcy as a debtor under Chapter 7 of Title 11 of the United States Code [*Id.*, ¶ 8]. A discharge, dated September 4, 1998, was entered, discharging plaintiff from all of plaintiff's dischargable debts, including the debt originally owed to First Tennessee (the "debt") [*Id.*, ¶¶ 9, 10]. After entry of the discharge order, defendant First Investment Services, LCC ("First Investment") purchased the debt from First Tennessee and subsequently transferred or consigned the debt to defendant Credit Bureau of North America, LLC ("CBNA") for collections from plaintiff [*Id.*, ¶¶ 11, 12]. CBNA contacted plaintiff numerous times in effort to collect the debt [*Id.*, ¶ 12].

In approximately May or June 2005, plaintiff applied, and was approved, for a loan to purchase a residential lot and build a house by Tennessee State Bank ("TSB") [Doc. 27, ¶ 26]. In approximately October or November 2006, plaintiff determined more money would be needed to complete construction and contacted TSB about increasing the loan duration

2

and amount, and also about permanently financing the home [*Id.*, ¶ 28]. When TSB accessed plaintiff's credit report to review refinancing, it discovered CBNA was reporting the debt owed by plaintiff [Doc. 31-1, ¶ 16][1]. TSB then contacted defendant Terry Clark ("Clark"), an employee of CBNA, to request an explanation of the reported debt [*Id.*, ¶¶ 17, 58]. On November 7, 2006, Clark responded on behalf of CBNA, stating that the debt in question was the balance owed to First Tennessee on a automobile loan and that the current balance was $23,224.97 [*Id.*, ¶ 18]. After plaintiff explained the circumstances surrounding the debt, TSB agreed to increase the loan amount for the home and extend the maturity date by 12 months; however, after performing additional credit checks, TSB would not agree to permanently finance a mortgage for the home until the debt was removed from the credit report [*Id.*, ¶¶ 19, 20].

In approximately April or May 2007, plaintiff contacted an attorney in an effort to remove the debt claimed by CBNA from the credit report [*Id.*, ¶ 21]. In response to plaintiff's attorney's communications with CBNA, Clark sent a fax to plaintiff's attorney dated May 21, 2007, stating that the date of the judgment was January 17, 1996 and that the judgment had not been revived [*Id.*, ¶ 22]. Defendants, however, apparently did not request that the debt be removed from plaintiff's credit report [*Id.*, ¶ 23].

---

[1]The deadline for inclusion of the debt originally owed by plaintiff to First Tennessee on plaintiff's credit report was no later than December 31, 2001 [Doc. 31-1, ¶ 14]. *See* 15 U.S.C. § 1681c(a)(4). The deadline for inclusion of the judgment obtained by First Tennessee on January 17, 1996 on plaintiff's credit report was no later than January 17, 2006 [*Id.*, ¶ 15]. *See* 15 U.S.C. § 1681c(a)(2).

3

Plaintiff filed a mortgage application with Tennessee Home Mortgage ("THM") and, in response, on July 13, 2007, THM requested plaintiff's credit report from Experian, TransUnion, and Equifax [*Id.*, ¶ 25]. The credit report THM received, which was dated the same day, showed that CBNA was reporting that $22,019.00 was owed on the debt, that the original creditor was First Investment, and that the account was opened in July 2005 [*Id.*, ¶ 26]. THM refused plaintiff financing because of the debt being reported on plaintiff's credit report [*Id.*, ¶ 24].

In approximately July 2007, plaintiff disputed the debt with TransUnion, and, in the first or second week of August 2007, plaintiff received a letter from TransUnion stating that CBNA would be advised of the dispute and asked to verify the debt's accuracy and that TransUnion would notify plaintiff of the outcome of the investigation [*Id.*, ¶ 30]. Plaintiff received a letter from TransUnion later in August stating that the investigation was complete [*Id.*, ¶ 31]. A copy of plaintiff's credit report, dated August 14, 2007, was also enclosed [*Id.*]. The letter and credit report from TransUnion showed that CBNA had verified the debt being owed, that the amount owed was $24,103.00, that the original creditor was First Investment, and that the estimated date the debt would be removed from the credit report was October 2010 [*Id.*, ¶¶ 32, 33]. The August 14, 2007 credit report did not show that the debt was in dispute [*Id.*, ¶ 34].

After plaintiff had made a written dispute of the debt, and CBNA verified the debt, THM again requested a copy of plaintiff's credit report on August 17, 2007 [*Id.*, ¶ 38]. When THM received the credit report on August 17, 2007, it showed that CBNA was still

4

reporting that $22,019.00 was owed on the debt, that the original creditor was First Investment, that the account was opened in July 2005, and that report did not reflect that the debt was in dispute [*Id.*, ¶ 39].

In mid to late August 2007, plaintiff requested a copy of his credit report from Equifax, and he received a copy dated August 22, 2007 [*Id.*, ¶ 43]. The August 22, 2007 credit report showed that CBNA was still reporting a collections account, that the collection was first reported on the account in August 2007, that it had been assigned to First Investment in July 2005, and that the date of first delinquency was November 2003 [*Id.*, ¶ 44]. The August 22, 2007 credit report also failed to show that the debt was in dispute [*Id.*, ¶ 45].

In November 2007, plaintiff requested a copy of his credit report from TransUnion, and received a copy dated November 21, 2007 [*Id.*, ¶¶ 49, 50]. The November 21, 2007 credit report showed that CBNA was still reporting that plaintiff owed $24,103.00, that the original creditor was First Investment, and that the estimated date the debt would be removed from the credit report was October 2010 [*Id.*, ¶ 50]. The November 21, 2007 credit report also failed to show that the debt was in dispute [*Id.*, ¶ 51].

### B. Procedural Background

On February 2, 2010, plaintiff filed his second-amended complaint [Doc. 27]. In his second-amended complaint, plaintiff asserts, among other claims, that defendants' above-described conduct violated the following provisions of the FDCPA:

(2) The false representation of-

> (A) the character, amount, or legal status of any debt; or
>
> . . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Plaintiff also alleges that defendant used "unfair or unconscionable means to collect or attempt to collect [a] debt." 15 U.S.C. § 1692f. Despite that defendants filed a response to the first-amended complaint, defendants did not file an answer or otherwise respond to the second-amended complaint [Doc. 31, p.2].

On February 5, 2010, July 22, 2010, and January 2, 2011, plaintiff served written discovery on counsel for defendants in the form of Interrogatories, Requests for Admission, Request for Production of Documents, and Request for Production of Statements (collectively, "the requests") [Doc. 31, p.2; Doc. 31-1]. Plaintiff served defendants by certified mail and, with respect to the January 2011 requests, requested a return receipt [*Id.*; *see also* Doc. 32]. On January 5, 2011, counsel for defendants personally signed for receipt of the discovery [Doc. 32]; however, defendants failed to respond to the requests [Doc. 31, p.2].

Plaintiff moves the Court for partial summary judgment only on the issue of liability under the FDCPA [Doc. 30, p.1]. Plaintiff reserves the issue of actual and statutory damages

under the FDCPA as to defendants, together with costs and fees upon application therefore, for trial by jury [*Id.*].

## II.  Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that

---

[2]Rule 56 was recently amended, but "[t]he Committee Notes explain that the 'standard for granting summary judgment remain[s] unchanged' and that the recent amendment of the rule 'will not affect continuing development of the decisional law construing and applying' the standard." *Blaney v. Cengage Learning, Inc.*, No. 1:09-CV-934-HJW, 2011 WL 1532032, at *2 (S.D. Ohio Apr. 22, 2011) (citing the advisory committee notes).

7

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The Court notes again that defendants have not responded to plaintiff's motion for summary judgment. Non-response standing alone, however, is not determinative of whether summary judgment is appropriate. *Aquent, LLC v. United States*, No. 08-15275, 2011 U.S. Dist. LEXIS 40132, at *1 (E.D. Mich. Apr. 13, 2011) (discussing the former version of Rule 56 and noting that "the non-movant's failure to respond does not relieve the movant of its burden to establish that 'the moving party is entitled to judgment as a matter of law'"). Relevant to a party's failure to respond is Rule 56(e), which provides:

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . . .
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it;

Fed. R. Civ. P. 56(e)(2); 56(e)(3).[3] Accordingly, the Court examines the motion and supporting materials to determine if summary judgment is appropriate. *See Aquent*, 2011

---

[3]The Advisory Committee Notes for the 2010 amendments indicate that the Rule was revised to preclude summary judgment from being granted by default, even "if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56 advisory committee's note (discussing when a party fails to properly address another parties assertion of fact as required by 56(c)).

8

U.S. Dist. LEXIS 40132, at *1 (taking the same approach with respect to a plaintiff's motion for summary judgment where the sole defendant failed to respond).

## III. Analysis

Plaintiff alleges that defendants violated several provisions of the FDCPA. In order to establish a claim under the FDCPA a plaintiff must show: (1) plaintiff is a "consumer" as defined by 15 U.S.C. § 1692; (2) the "debt" arises out of transactions which are "primarily for personal, family or household purposes" (*see* 15 U.S.C. § 1692a(5)); (3) defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6); and (4) defendant has violated at least one of the FDCPA's prohibitions. *See Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). The absence of any factor is fatal to plaintiff's FDCPA claim. *Id.* In the instant case, plaintiff fails to prove the third prong of the prima facia case, that is that CBNA, First Investment, and Clark are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

To support the assertion that First Investment and Clark are "debt collectors" within the meaning of the FDCPA, plaintiff cites to the following unanswered requests for admittance:

> (3) Admit that: Defendant First Investment Services, LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
>
> . . . .
>
> (4) Admit that: Defendant Terry Clark is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9

Case 3:08-cv-00019-HBG   Document 34   Filed 07/14/11   Page 9 of 14   PageID #: 280

[Doc. 31-1, ¶¶ 3, 4]. Plaintiff asserts that because defendants failed to respond to plaintiff's requests, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, all of the requested admissions are deemed admitted. As the Sixth Circuit recently explained, however, "[r]equests for admission may relate to [facts and] the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting 7 Moore's Federal Practice § 36.10[8] at 36-26 (3d ed. 2008)). Therefore, the only matters contained in plaintiff's request that the Court deems admitted are those requests to admit facts or the application of law to facts. The Court does not deem admitted any requests for opinions of law or legal conclusions.[4] Rather, the Court will apply the admitted facts to relevant legal theory to come to the appropriate legal conclusion.

The Court finds that these two requests for admission are requests for opinions of law and therefore does not deem such requests admitted. Hence, plaintiff has not demonstrated that either First Investment or Clark is a "debt collector." *See Ford Motor Co.-UAW Ret. Plan v. Wheatley*, No. 1:09-CV-477, 2010 U.S. Dist. LEXIS 71053, at *35–36 (N.D. Ohio

---

[4]To illustrate without undertaking a full analysis of all sixty-one requests for admission, the Court considers Request for Admission No. 8 a question of fact: "Admit that: Plaintiff filed for bankruptcy on May 26, 1988 under Chapter 7 of Title 11" [Doc. 31-1]. By contrast, the Court considers Request for Admission No. 55 a request for an ultimate legal conclusion: "Admit that: The above-detailed conduct . . . [is] in violation of numerous and multiple provisions of the FDCPA." [*Id*.].

10

Case 3:08-cv-00019-HBG   Document 34   Filed 07/14/11   Page 10 of 14   PageID #: 281

June 2, 2010) (declining to defer to [plaintiff's] purported admissions-by-silence for purposes establishing [defendant's] claims on a motion for summary judgment).

Similarly, plaintiff's motion asserts that CBNA is a "debt collector" based on defendants' answer to the first-amended complaint [*See* Doc. 16]. This attempt is "of no avail," however, because "that answer is defunct and lacks any legal force." *Shorebank v. Bayview Apartments, LCC*, No. 1:2009-CV-306, 2010 WL 331707, at *6 n.7 (W.D. Mich. Jan. 22, 2010). Plaintiff's filing of a second-amended complaint, with leave of court, "automatically superceded" the original and first-amended complaint. *Id.* (citations omitted). Indeed, "[a]n amended complaint supplants the original complaint and becomes the only live complaint in a civil case." *Id.* (citing *United States v. Goff*, 187 F. App'x 486, 492 (6th Cir. 2006)). Accordingly, the "[s]tatements or denials made in [defendants'] answer to [the] superceded [first-amended] complaint do not survive and 'carry over' to the later amended complaint." *Id.* In other words, plaintiff cannot rely upon the fact that defendants admitted that CBNA is a debt collector in their answer to the first-amended complaint. Plaintiff, therefore, has not met his burden of establishing that CBNA is a "debt collector."

Although the Court finds that plaintiff's efforts to establish that defendants are "debt collectors" using the citations to the requests for admission and the answer to the first-amended complaint fall short, the Court considers whether the requests for admission show

11

that defendants are "debt collectors" under the statutory definition.[5] A "debt collector" is defined under the FDCPA as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). "Whether a person or an entity 'regularly' collects consumer debt for purposes of the Act is determined on a case by case basis." *White v. Myers*, No. E1999-02642-COA-R3-CV, 2001 WL 1337569, at *7 (Tenn. Ct. App. Oct. 31, 2001) (discussing whether a defendant qualified as a debt collector under the FDCPA) (citations omitted). "Courts have considered several factors in making that determination, including the percentage of revenue generated by debt collection activities, the sheer volume of debt collection activities, and whether the defendant has an ongoing . . . relationship with a collection agency." *Id.* (citations omitted).

While the materials cited in support of plaintiffs' motion indicate that CBNA and Clark participated in debt collection activities against plaintiff, the record is void of any facts surrounding whether CBNA's or Clark's principle business purpose is collecting debts, or whether they regularly collect debts. The record is also void of any facts involving First

---

[5]Rule 56(e)(3) of the Federal Rules of Civil Procedure provides: "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(e)(3); *see also* Fed. R. Civ. P. 56 advisory committee's note (indicating that the rule was revised to reflect judicial opinions and local rules "stating that the court may decide a motion for summary judgment without undertaking an independent search of the record"). The answer to the first-amended complaint and the requests for admission are the only materials plaintiff requests the Court to consider [*See* Docs. 30, 31]. As the Court has found that it cannot rely upon the answer to the first-amended complaint, it considers only the requests for admission as the "cited materials."

12

Investment's activities and involvement, other than its initial purchase and transfer of the debt. There is therefore not sufficient factual basis in the record to determine if any of the defendants are "debt collectors." *See Stamper v. Wilson & Assocs., P.L.L.C.*, No. 3:09-CV-270, 2010 U.S. Dist. LEXIS 31770, at *20 (E.D. Tenn. Mar. 31, 2010) ("[T]he court must look beyond the facts of the present case to determine whether the principle purpose of [a defendant] is to collect debts, or whether [the defendant] regularly engage[s] in collecting debts."); *see also Overton v. Foutty & Foutty, LLP*, No. 1:07-CV-0274-DFH-TAB, 2007 WL 2413026, at *4 (S.D. Ind. Aug. 21, 2007) (determining that, in deciding whether a party is a "debt collector," the focus "is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities"). Without any factual background as to any defendant's principle business purpose or regular activities, the Court is unable to find, for purposes of the instant summary judgment motion, that any defendant in this case is a "debt collector."

In summation, plaintiff's citations to the requests for admission and the answer to the first-amended complaint are insufficient to show that defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6), and plaintiff has failed to provide, and indeed the remaining record does not provide, the Court with a sufficient factual basis to determine that defendants are "debt collectors." Accordingly, plaintiff has failed to demonstrate one of the

13

elements necessary to establish a FDCPA prima facia case. Plaintiff is not entitled to summary judgment on the issue of liability.[6]

**IV. Conclusion**

For the reasons set forth herein, plaintiff's Partial Motion for Summary Judgment Against Defendants [Doc. 30] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[6]The Court declines to address the other elements of plaintiff's FDCPA claim because failure to establish that any defendant is a debt collector is fatal to plaintiff's motion for summary judgment.

14