UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM T. RUTHERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CV-19 |
| ) | (GUYTON) |
| V. ) | |
| ) | |
| CREDIT BUREAU OF N. AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 37]. Now before the Court is the Motion of Credit Bureau of North America LLC, First Investment Services LLC, and Terry Clark for Additional Time to Respond and to File Responsive Pleading [Doc. 46].

**I.    BACKGROUND**

The Plaintiff alleges that the Defendants attempted to collect a debt that was previously discharged in a bankruptcy proceeding. The Plaintiff filed his initial Complaint [Doc. 1] in this action on January 23, 2008, and on February 27, 2008, the Plaintiff filed his Amended Complaint [Doc. 10]. On March 11, 2008, Defendants Credit Bureau of North America and First Investment Services timely filed their Answer [Doc. 16].

On January 4, 2010, the Plaintiff moved to file a Second Amended Complaint. This request was granted by the Honorable Thomas A. Varlan, United States District Judge, who was

at that time presiding over this case, on January 25, 2010. On February 2, 2012, the Plaintiff filed his Second Amended Complaint [Doc. 27]. In his Second Amended Complaint filed February 2, 2012, the Plaintiff alleges that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* He also claims that the Defendants invaded his privacy by revealing private financial data to third parties.

In the summer of 2010, the parties conducted their Rule 26(f) planning meeting, and in the spring of 2011, they briefed the Plaintiff's Motion for Partial Summary Judgment. On September 2, 2011, the parties consented this case to the jurisdiction of the undersigned, and on September 12, 2011, they participated in a telephonic scheduling conference with the undersigned. On September 19, 2011, a Scheduling Order was entered setting the matter for trial on April 17, 2012. [Doc. 39].

There was no further activity in the docket of this case until January 18, 2012, when the Plaintiff filed: Application for Entry of Default as to Defendant Credit Bureau of North America LLC [Doc. 40], Application for Entry of Default as to Terry Clark [Doc. 41], and Application for Entry of Default as to First Investment Services LLC [Doc. 42]. The Defendants did not respond to or object to these applications, and on February 1, 2012, the Clerk of Court entered a default against each of the Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Docs. 43-45].

On February 12, 2012, the Defendants filed their Motion for Additional Time to Respond and to File Responsive Pleading [Doc. 46], which the Plaintiffs responded in opposition to on February 27, 2012 [Doc. 47]. The parties appeared before the Court on March 15, 2012, for a hearing on the motion. Attorney Allen Lee was present representing the Plaintiff, and Attorney Arthur Grisham was present representing the Defendants.

2

Having heard the parties' oral arguments and reviewed their filings, the Court finds that this issue is now ripe for adjudication, and for the reasons stated in Court and stated below, the Court will **GRANT** the Motion for Extension [Doc. 46].

## II. POSITIONS OF THE PARTIES

In their motion, the Defendants move the Court for "additional time to file responsive pleadings to pleadings which are the subject of the Clerk's Default." [Doc. 46 at 1]. Counsel for the Defendants conceded at the hearing that the motion is effectively a motion to vacate default *and* a motion for additional time.

In support of their request for relief, the Defendants maintain that counsel has had "significant problems receiving notice of filings and further has not been able to access both Pacer and the Electronic Filing System." [Doc. 46 at 1]. Counsel for the Defendants states that on February 7, he went to the Clerk of Court's office in Knoxville and received assistance in creating a new password and login ID. At the hearing, Mr. Grisham, counsel for the Defendants, added that his former secretary had set up his electronic case filing ("ECF") system account, and she was receiving his ECF notifications.[1] Mr. Grisham stated that this secretary had been let go from her position at his former firm and was no longer in contact with Mr. Grisham.

In the motion, Mr. Grisham further states he "was under the impression that an answer to the amended complaint had been filed[; a] copy of the answer to the amended complaint is attached." [Doc. 46 at 2]. At the hearing, however he stated that the proposed answer [Doc. 46-1], would not be used as the answer to the Second Amended Complaint. Instead, a revised answer would be used.

---

[1] *Contra* Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee, Part 5: Registration and Passwords, available at http://tned.uscourts.gov/docs/ecf_rules_procedures.pdf.

3

In response to the Motion for Additional Time, the Plaintiff moves the Court to deny the motion, set an evidentiary hearing, determine the damages to be awarded against the Defendants, and enter judgment. [See Doc. 47 at 1]. The Plaintiffs note that the Plaintiff's time for filing an answer expired over two years prior to the filing of the Motion for Additional Time. [Doc. 47 at 3]. The Plaintiffs argue that the Defendants have not shown "good cause" for vacating the entries of default, as is required by Rule 55(b) and 60(b) of the Federal Rules of Civil Procedure.

## III. ANALYSIS

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Court of Appeals for the Sixth Circuit has differentiated the "good cause" option from the Rule 60(b) option, as follows:

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

Dassault Systemes, SA v. Childress, 663 F.3d 832, 839 (6th Cir. 2011) (emphasis in the original).

Thus, the instant case is governed by the "good cause" standard because the Court has not entered a final judgment of default. In determining whether good cause exists, the Court must consider, whether: (1) culpable conduct of the defendant led to the default, (2) the defendant has a meritorious defense, and (3) the plaintiff will be prejudiced. United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (citing Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992)). In considering these factors, the Court must remain mindful

of the "general preference for judgments on the merits" and should construe any ambiguous or disputed facts in the light most favorable to the defendant. See Dassault Systemes, 663 F.3d at 841.

In analyzing culpability under Rule 55, the Court of Appeals for the Sixth Circuit has stated that, "to be deemed culpable for the default, [a defendant] "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." $22,050.00 U.S. Currency, 595 F.3d at 326. As the undersigned noted at the hearing, the Defendants properly answered the Plaintiff's Amended Complaint and have participated in this case in a generally, timely manner. While counsel's statements about his electronic difficulties are not compelling, they are plausible, and neither counsel nor the Defendants have shown a "reckless disregard for the effect of [their] conduct on judicial proceedings." Accordingly, the Court finds that the Defendants did not commit culpable acts that led to this default.

In regards to the meritorious defense, the Court of Appeals for the Sixth Circuit has explained that "a defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Id. The Court has examined the Second Amended Complaint and the answer attached to the Motion for Additional Time.[2] The Court finds that there is "some possibility" that the outcome of this case, if tried on the merits, would be different than the result achieved by allowing the default to stand. Accordingly, the Court finds that the Defendants have presented a meritorious defense.

Finally, the Court finds that the Plaintiff will not be prejudiced by the Court allowing this case to proceed to trial. The Plaintiff has noted the cost of preparing for trial, but the Court finds

---

[2] The Court is mindful that this is not the answer that the Defendants intend to rely on. It, nonetheless, provides insight into their likely defenses and the effectiveness of those defenses.

that this was a cost that would have been incurred in the normal process of trying this case. The Court finds that this case has proceeded through litigation at a slower than average pace, but the Court finds that the Defendants are not solely responsible for the delays. To minimize further delay, the Court will reset the trial of this matter to a trial date less than two months from its present setting. Accordingly, the Court finds that the Plaintiff will not be prejudiced by the Court vacating the entries of default.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Motion for Additional Time **[Doc. 46]** and the corresponding request to vacate the entries of default are well-taken, and they are **GRANTED**. It is **ORDERED**:

1. The Clerk's Entries of Default as to Credit Bureau of North America LLC, Clerk's Entry of Default as to Terry Clark, and Clerk's Entry of Default as to First Investment Services, LLC, **[Docs. 43, 44, 45]** are hereby **VACATED**;

2. The Defendants **SHALL FILE** their answer on or before **March 19, 2012**;

3. The parties **SHALL PREPARE** this case for trial at **9:00 a.m. on June 27, 2012** — no further extensions of the trial date will be given absent extraordinary and compelling cause; and

4. The parties **SHALL APPEAR** before the undersigned for a pretrial conference at **2:00 p.m. on June 20, 2012**.

**IT IS SO ORDERED.**

ENTER:

        s/ H. Bruce Guyton
United States Magistrate Judge